WARREN REFINING AND

CHEMICAL CO.

      VS                                  No. 7918

MILLER PLUMBING CO.

January 24th, 1921.

WARREN REFINING AND
CHEMICAL CO.

VS                                          No. 7918.

MILLER PLUMBING CO.

Appeal from Civil District Court, Hon. E. K.
Skinner, Judge.

CHARLES F. CLAIBORNE, JUDGE.

This is a suit for the price of oil, the plaintiff alleges it sold to the defendant. The defendant denies he bought the oil, and avers that he received it on storage only.

The plaintiff alleged that during May 1917 it shipped to W. S. Auto Shop of New Orleans three and one-half barrels of Motor Eze Oil, of the value of about $77.65, about 55 pounds of grease of the value of about $28.50, and about two gallons of Shingle Stain Green of the value of $1.30, making a total value of $107.45; that the Auto Shop failed to accept said shipment; that, thereupon, John F. Muller, doing business under the name of the Muller Plumbing Company, agreed to take the shipment at the same price at which it had been sold to the Auto Shop, and therefore the shipment was delivered to, and accepted by, John F. Muller; but that the said Muller has refused to pay for said shipment.

The defendant denied all the allegations of plaintiff's petition and averred:

"That one J. J. Lawler stated to defendant that he had on hand a rejected shipment of goods and asked defendant as a favor to permit him to store said goods in his garage; that defendant consented to his temporarily using defendant's garage, and that thereupon the said Lawler placed three barrels of oil in a leaky condition, some boxes of grease and a box of stain in defendant's garage, and same has remained there to this date without being called for or claimed by said Lawler; that defendant at no time agreed to purchase said goods from said Lawler or any one else".

275

Defendant further averred that the said Lawler borrowed from him $16.19 to pay the freight upon the shipment, which he promised to return but never did; and he prays for judgment in reconvention for $16.19.

There was judgment for defendant. The reasons of the Judge were as follows:

"Suit for $107.45 as substitute purchaser of certain goods consigned to W. S. Auto Shop. It appears that the W. S. Auto Shop for some reason refused the shipment, whereupon the agent of the shipper entered into an arrangement whereby Muller advanced money to pay the freight and took in storage (see letter) the goods in question, the shipper(s agent engaging in their sale as he wished. x x x x x x x x x x x x x x x x x x x x I do not think the plaintiff has established a sale to defendant, but the agent had the inherent right to stop demurrage charges against his principal and to borrow to make the deal; The goods stored were lost by leakage while stored with defendant. He was a gratuitous bailee, a warehouseman, and not as such liable. Suit dismissed. Judgment in favor of reconvenor for cash advanced $16.19".

The defendant had also reconvened claiming $200 damages for the alleged violation of a contract of sale of an automobile, which, as we have seen, was denied by the judgment.

The plaintiff alone has appealed. The defendant has not asked for an amendment of the judgment.

The burden was upon the plaintiff to prove the sale to defendant alleged by it.

This suit was filed November 25th, 1918 - eighteen months after the alleged sale.

In a letter dated April 24th, 1917, the plaintiffs inform the defendant that they have been advised by their agent Lawler that there has been a shortage of several gallons in three barrels of oil sold to him, and they authorize him to deduct the shortage from the invoice when making the payment. This letter

shows a previous business relation between the plaintiffs and the defendant, and that the defendant had a supply of oil for which he paid, as there is no claim for it here.

It further appears, and it is not contested, that the plaintiffs had consigned the oil and grease mentioned in the plaintiffs' petition to the Auto Service Company which had refused to receive it. It is further admitted that this oil and grease were sent to defendant's premises and put in his garage. The plaintiff avers that they went there by virtue of a sale to the defendant; while the defendant contends that he received them only on storage. The Judge of the District Court was of that opinion, and we believe he did not err. It is made possible that the defendant did agree to take the merchandise off of plaintiffs' hands by the fact that he sent his team to the Railroad Station to take delivery of the oil. But on account of some endorsement lacking in the bill of lading the Railroad Company refused to deliver the goods to him. The defendant then wrote the following letter to the plaintiffs which he caused to be delivered to them by special delivery and which they admit having received:

"New Orleans, May 20th, 1917.

Mr. J. Lawler, City

Dear Sir,

We have to-day sent to T. C. R. R. to get shipment consigned to W. S. Auto Shop and they have refused to let us have same on the bill of lading as it is. There should have been the proper authorization made before goods can be received. We do not care to go to any further expense or trouble to handle this shipment, and if you care to get the oil and have it delivered here for storage, you can do so, and we will use what part of it we can.

Yours very truly,

"Signed" Muller Plumbing Co."

Lawler testifies that he received this letter; that he hurried to Muller's, who gave him the money to pay the freight; he paid the freight, and hired a man to haul the oil to Muller's,

277

and paid the man $2.00, and Muller got the oil.

It is not possible to construe such a transaction as a sale. It is evident that Lawler acquiesced in Muller's letter and on the conditions under which Muller would receive the oil, that is "for storage". It is not conceivable that if the plaintiff had sold the oil to the defendant that he should have sent no bill for it and should have remained from May 1917, date on which Muller received the oil, until some short time before November 1918, date when this suit was filed, before making a demand for the payment of the price of the oil. Defendant had a supply of oil on hand and did not need any more. But if he had use for oil, there is no contention that he needed the grease or the shingle stain. Lawler testifies:

> "He (Muller) said he couldn't use the paint and he had enough grease on hand; x x x he agreed to take the shipment except the paint and the grease".

Yet the petition alleges that defendant bought those also. There is no evidence that he used any of the oil, or of the grease, or paint. The packages are now where they were in May 1917. Plaintiff. prayed for a specific remedy to which he is not entitled.

Judgment affirmed.

January 24th, 1921.